**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELVIN ALEXANDER MELGAR-ALAS, AKA Kelvin Alas, AKA Kelvin Alexandra Alas-Melgar, AKA Kelvin Melgar, AKA Kelvin Alexander Melgar, AKA Pain, | No.   19-72163 |
| | Agency No. A077-070-077 |
| Petitioner, | |
| v. | ORDER |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 13, 2021
Submission Vacated April 15, 2021
Resubmitted November 22, 2021
Seattle, Washington

Before:  O'SCANNLAIN and CALLAHAN, Circuit Judges, and FITZWATER,[*] District Judge.
Partial Concurrence and Partial Dissent by Judge O'SCANNLAIN

The respondent's unopposed motion to remand this case to the Board of

Immigration Appeals ("BIA") (Dkt. No. 52) is GRANTED.  On remand, the BIA

---

    [*]    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

is instructed to consider whether the petitioner satisfied the "objective official manifestation of permanent residence" pathway to derivative United States citizenship under former 8 U.S.C. § 1432(a)(5) (1994) as recently interpreted by this court in *Cheneau v. Garland*, 997 F.3d 916, 926 (9th Cir. 2021) (en banc). Upon remand, the BIA may also determine whether to return the matter to the immigration judge to further consider the petitioner's Convention Against Torture claim, new evidence, and any additional issues the BIA deems necessary.

Per the respondent's unopposed request, the petitioner's removal shall be stayed pending a decision in this matter by the BIA. Each party is to bear its own costs, expenses, and attorneys' fees.

The respondent's motion to strike the petitioner's response letter for non-compliance with the relevant rules (Dkt. No. 41) is DENIED as moot. This order constitutes the mandate of the court.

*Melgar-Alas v. Garland*, No. 19-72163

O'SCANNLAIN, Circuit Judge, concurring in part and dissenting in part:

I am satisfied that the motion to remand should be granted with respect to the *Cheneau* issue. However, I must respectfully dissent from the panel's decision to grant the motion with respect to the unrelated CAT claim.

Far from "stat[ing] with particularity the grounds" justifying remand of the CAT claim, *see* Fed. R. App. P. 27(a)(2)(A), the motion's only mention of the claim is as follows: "Upon remand, the Board may also determine whether to return the matter to the Immigration Judge to further consider Mr. Melgar-Alas's CAT claim and new evidence, and any additional issues the Board deems necessary." The parties fail to indicate their positions regarding whether any "new evidence" actually exists. They further fail to explain whether such evidence (hypothetical or otherwise) bears on the CAT claim at all, let alone enough to affect the outcome. Simply put, if there is any reason for the agency to rehear the CAT claim, the parties have not provided it.

The parties' silence is even more striking given that they have been communicating with the court for months regarding *Cheneau*. After the April 13, 2021 oral argument, we vacated submission of this matter pending *Cheneau* and ordered the parties to "advise the Court if supplemental briefing is necessary" following "the issuance of the decision." After *Cheneau* was decided the

following month, the parties obtained several extensions and eventually a stay, as the "parties [were] discussing *Cheneau* and its application to Mr. Melgar-Alas's case" and the Government was "consider[ing] whether to seek further review" in *Cheneau*. Later, in the parties' November 2, 2021 letter, filed the day before the motion to remand, they reiterated that they "have been in communication about [*Cheneau*] and the impact it has on Mr. Melgar's case" and announced that they had "reached an agreement." Finally, the motion itself states that the Government "moves the Court to remand this case to the agency for further consideration of . . . Melgar-Alas's claim to United States citizenship in light of . . . *Cheneau*," arguing that "[r]emand is appropriate to allow the agency the first opportunity to consider" the factual issues this case presents regarding the immigration paperwork.

Against this months-long, *Cheneau*-dominated backdrop, the parties sensibly agreed that the BIA should have the opportunity to apply *Cheneau* in the first instance. But it simply does not follow that the BIA should also be presented with an unrelated claim—based not on citizenship paperwork in the United States but on risk of torture in El Salvador—that it has already rejected.

I would deny the portion of the motion that relates to the CAT claim.